## H. B. WILLIAMS V. W. D. CLEVELAND & CO.

Delivered January 19, 1898.

**1. Homestead—Abandonment of Part.**

Land which adjoins the owner's residence, but which he has detached, improved and rented out for revenue and wholly abandoned as to homestead uses, is not protected from forced sale by the homestead exemption.

**2. Practice—Conforming Verdict to Pleadings.**

The court in framing a judgment upon a verdict may change the location of a strip of land from that stated in the charge to the jury and in the verdict, where there was an evident inadvertence of the charge and the correction conforms to the pleadings.

**3. Costs of Injunction Suit—Division Of.**

The court upon awarding a judgment restraining the sale of a portion of the land under execution upon the ground that it is exempt property, properly adjudges against defendant all costs to the date of his admission that part of such land was not subject to execution, and against plaintiff for all costs thereafter.

APPEAL from Gonzales. Tried below before Hon. M. KENNON.

*W. W. Glass,* for appellant.

*Thomas McNeal* and *C. A. Burchard,* for appellees.

JAMES, CHIEF JUSTICE.—W. D. Cleveland & Co. caused a levy to be made upon a part of a block in Gonzales, Texas, and the appellant Williams sued out an injunction restraining the sale, upon the allegation of homestead.

We conclude as matter of fact that the testimony clearly established that at the date of the levy the premises levied on, except as hereinafter explained, had been improved and detached by fences from the remainder of appellant's premises (where he continued to reside), and rented out by him for revenue, and wholly abandoned as to homestead uses. And as matter of law that there was no error in the charge directing the jury to find for appellees accordingly.

The court did not err in its ruling on the exception. In this case the judgment entered varies in one particular from the verdict. The judge, after instructing the jury that plaintiff had no homestead in the lot rented out, and to find that Cleveland & Co. had a lien thereon, further charged that they should find for plaintiff any portion of the property levied on, but not within the rented enclosure, and that the undisputed evidence was that the sheriff's levy lacked one vara of reaching the south fence between plaintiff's homestead and the rented lot, and extended 7 feet and 2 inches over and beyond the fence and wall of the stable on the north side of the property rented to Mrs. Pettus, and that they should so find. The verdict, in response to the last named direction, excepted from the lien 1.7 varas the full length of the south line, and also found in plaintiff's favor that 7 feet and 2 inches on the north line of the premises levied on was not subject to levy. The judgment departs from

the charge and verdict in this, that it locates the said 7 feet 2 inches of ground excluded as being on the west line. This is assigned as error, because the court should have followed the verdict in entering judgment, and had no authority to do otherwise. In deciding the question, the evidence can not, we think, be looked to, but here, in defendant's pleading in which the excess of levy of 7 feet and 2 inches was set up, the same is alleged to be on the west line. It is evident that the court intended to so instruct the jury, and that the jury should have so found, and the mistake becomes manifest and is corrected by defendants' own pleading, and there was no error in so framing the judgment. Defendant was not injured by a decree in this respect, rendered conformably to his own allegations.

The court committed no error in reference to the costs. Defendants' original answer claimed that all the land levied on was subject to the debt. By amended pleading, evidently in reference to plaintiff's allegation, defendant admitted that a small portion of the property embraced in the levy substantially as claimed by plaintiff was not subject to execution. In view of this, the court adjudged against defendant all costs to the date of such admission or disclaimer, and against plaintiff all costs thereafter.

*Affirmed.*